**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3377

_____

NATIONAL FIRE AND MARINE INSURANCE COMPANY

v.

GENESIS HEALTHCARE, INC.,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-01500)
District Judge: Honorable Mark A. Kearney

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
September 13, 2023

_____

Before: JORDAN, BIBAS, and PORTER,
*Circuit Judges*.

(Filed: December 18, 2023)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

National Fire & Marine Insurance Company ("National") sold an insurance policy to Genesis Healthcare Company ("Genesis") covering COVID-19-related claims against its nursing homes and assisted living facilities ("the Policy"). The Policy stated that National would cover defense costs, settlements, and judgments against Genesis arising from any "health care event." J.A. 474. But the Policy had a self-insured retention (SIR), which required Genesis to pay the first $3 million in costs arising from any health care event.

National filed a complaint against Genesis seeking a declaration that COVID-19 was not a single health care event under the Policy, and that Genesis would be subject to separate SIRs—one for each of Genesis' facilities. The District Court found the matter ripe and granted summary judgment in favor of National. We disagree that the matter is ripe. So we will vacate the judgment and remand for further proceedings.

I

Genesis is the majority owner of approximately 400 nursing homes and assisted living facilities across the country. Like other owners of facilities housing elderly and infirm residents, it faced considerable costs and exposure to liability with the onset of COVID-19. It adopted protocols to ensure residents' safety, but the measures were not one-hundred percent effective. Some residents contracted COVID-19 and died. And some residents or their estates sued Genesis based on their injuries or death resulting from COVID-19.

Because of its liability exposure, Genesis sought additional insurance coverage. National issued an insurance policy to Genesis in the fall of 2020 with a coverage period spanning from December 1, 2019, to December 1, 2020. Coverage was subject to an SIR requiring Genesis to pay the first $3 million in defense costs, settlements, or judgments for each health care event, up to a $160 million aggregate SIR.

In 2022, National commenced this lawsuit against Genesis. It sought a declaration that COVID-19 was not a single health care event under the Policy, and that the claims against Genesis would not be subject to a single SIR of $3 million but to separate SIRs, one for each of Genesis' facilities. It argued that each outbreak of COVID-19 stemmed from "separate negligent conduct alleged against separate Genesis subsidiaries operating separate facilities," and thus COVID-19 constituted a separate health care event at each facility under the Policy. Appellee Br. at 4.

The District Court initially expressed concerns about the ripeness of National's claims. Almost three years after the onset of COVID-19, Genesis had incurred losses of $1.3 million, less than half of the SIR that it would have to pay before coverage under the Policy was triggered. Genesis expected to incur only another $300,000 over the ensuing five months. And the statute of limitations in many states would soon be triggered, barring further claims against Genesis subject to the Policy.

Nevertheless, the District Court concluded that the question of whether COVID-19 constitutes multiple health care events under the Policy is ripe for review.[1] It then granted summary judgment in favor of National. It declared that COVID-19 was not a single health care event under the Policy, and that Genesis would be subject to separate SIRs— one for each of Genesis' facilities.

## II

If the controversy is ripe, the District Court would have subject-matter jurisdiction under 28 U.S.C. § 1332. *See Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 522 (3d Cir. 2018) ("Our jurisdiction extends only to claims that are ripe for resolution."). The District Court concluded that the controversy is ripe. We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order.

"Our review of ripeness . . . is plenary." *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994). And we review a grant of summary judgment de novo. *Al-Sharif v. U.S. Citizenship & Immigr. Servs.*, 734 F.3d 207, 210 n.2 (3d Cir. 2013) (en banc).

## III

"Federal courts may only resolve actual 'cases' and 'controversies.'" *Florio*, 40 F.3d at 1462 (citing U.S. Const. art. III, § 2). "The existence of a case and controversy is

---

[1] The District Court determined that the question of whether any *non*-COVID-related injuries constituted "multiple health events" under the Policy was not ripe for review. The parties do not challenge that issue on appeal.

4

a prerequisite to all federal actions, including those for declaratory or injunctive relief."

*Id.*

The concept of ripeness "is a component of the Constitution's limitation of the judicial power to real cases and controversies." *Id.* It "tells us when a proper party may bring an action[.]" *Id.* "The ripeness determination evaluates both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 1462–63 (quoted source and internal quotation marks omitted). "Ultimately, the case must involve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 1463 (quoted source and internal quotation marks omitted).

In the context of declaratory judgment actions, we have adopted a three-factor balancing test for determining whether a case is ripe. *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990). We examine "[1] the adversity of the interest of the parties, [2] the conclusiveness of the judicial judgment[,] and . . . [3] [the] utility of that judgment." *Id.*

Each factor weighs in favor of the conclusion that the question of whether COVID-19 constitutes multiple health care events under the Policy, thus requiring Genesis to satisfy multiple SIRs, is not ripe for review. That is because Genesis is far short of meeting its $3 million threshold on a *single* SIR—let alone on multiple SIRs.

5

1. <u>Adversity</u>

"Parties' interests are adverse where harm will result if the declaratory judgment is not entered." *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995). We ask "whether the claim involves uncertain and contingent events, or presents a real and substantial threat of harm." *Wayne Land*, 894 F.3d at 523 (quoted source omitted). The plaintiff must show that a "substantial threat of real harm . . . remains throughout the course of the litigation." *Id.* (quoted source omitted).

At the time of the District Court's decision in November 2022, Genesis claimed to have paid $1.3 million in covered expenses and anticipated an additional $300,000 over the ensuing five months. Sharing the District Court's initial concerns regarding ripeness, we requested a letter from Genesis updating the court on its covered costs. That letter reflects expenses to date of $2,033,133.08, exceeding Genesis' projections but still far short of the $3 million threshold.

At this stage of the case, we fail to see how there is any "real and substantial threat" of harm if a declaratory judgment is not entered. Now almost four years since the onset of COVID-19, Genesis is nearly $1 million short of reaching a single SIR. And that figure may be higher because some of Genesis' costs to date may have been incurred by claims that ultimately did not claim COVID-19 injuries. Additionally, as the District Court observed, many COVID-related claims against Genesis already are barred by the

statute of limitations in many states. So the likelihood of Genesis' costs exceeding $3 million any time soon—if ever—does not constitute a substantial threat of real harm.[2]

In reaching a contrary conclusion, the District Court found persuasive that Genesis was subject to 41 unsettled lawsuits against it and that Genesis "need only spend an approximate average of $40,835.94 more on each of [them]" to exceed the SIR. J.A. 24. But as National concedes, only 17 of those 41 lawsuits are currently in litigation and involve COVID-19 related injuries. So the District Court significantly overestimated the potential amount of liability that Genesis faces as a result of COVID-19 injuries.[3]

2. Conclusiveness

"Conclusiveness is a short-hand term for whether a declaratory judgment definitively would decide the parties' rights." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 344 (3d Cir. 2001). We must ask "whether judicial action at the present time would amount to more than an advisory opinion based upon a hypothetical set of facts." *Florio*, 40 F.3d at 1468.

---

[2] National argues that it merely needed to show under the adversity prong that a declaratory judgment would "affect present behavior, have present consequences[,] and resolve a present dispute." Appellee Br. at 26 (quoting *ACandS, Inc. v. Aetna Cas. & Sur. Co.*, 666 F.2d 819, 823 (3d Cir. 1981)). However, *ACandS* predates our decision in *Step-Saver* where we adopted our three-factor test. And in any event, National has not suffered *any* present harm because Genesis has not passed its $3 million SIR. And based on current information before the court, it may not do so any time soon, if at all.

[3] Also informing the District Court's decision on ripeness was that at least "21,999 people . . . tested positive for COVID-19" at Genesis' facilities. J.A. 23. But that figure tells us nothing about whether those people would bring claims against Genesis, are procedurally barred from bringing claims, or would have colorable claims for relief if they did bring claims.

Here, because Genesis is far short of reaching its SIR threshold and may never reach it, any decision on whether COVID-19 constitutes multiple health care events under the Policy would constitute an advisory opinion. *See Step-Saver*, 912 F.2d at 649 ("Construing a contract and making law without finding the necessary facts constitutes advisory opinion writing, and that is constitutionally forbidden.").

3. Utility

The final factor "focuses on the utility served by current entry of a judgment[.]" *Florio*, 40 F.3d at 1469. We must ask "whether the parties' plans of actions are likely to be affected by a declaratory judgment[.]" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 543 (3d Cir. 2017) (quoted source omitted).

Because Genesis is short of reaching its SIR threshold and may never reach it, the parties likely "would take the same steps whether or not [we] . . . granted a declaratory judgment." *Id.* (quoted source omitted). In response to this point, National argues that, because Genesis also filed a motion for summary judgment requesting declaratory relief, both parties will be aided by a ruling on whether COVID-19 constitutes multiple health care events under the Policy. However, Genesis apparently does not agree that it will be aided by a ruling, as it argued before us that the matter is not ripe. And in any event, "[w]e have held that ripeness of issues for adjudication is a matter we must raise and examine independently of the parties' wishes." *Suburban Trails, Inc. v. New Jersey Transit Corp.*, 800 F.2d 361, 365 (3d Cir. 1986) (collecting cases).

8

\*     \*     \*

All three factors demonstrate that the question of whether COVID-19 constitutes multiple health care events under the Policy is not ripe for review. Thus, the District Court lacked subject-matter jurisdiction over the controversy and erred in granting summary judgment to National. For these reasons, we will vacate the District Court's judgment and remand for proceedings consistent with this opinion.